KELLOGG *v.* STATE, 43 Miss. R., 57.

PRINCIPAL AND SURETY.

A defendant to indictment being at large on bail, may, at any time, be surrendered by his bail to the sheriff of the county in which the indictment is pending ; and the sheriff may again admit him to bail or recognizance with new sureties.

The conditions of a recognizance being that a defendant shall appear before the

circuit court of the county, on the 4th Monday in May, that being the time fixed by law for the commencing of the court, and no year being specified, held sufficient to fix the liability of the surety in case of default at the next term of the court.

Error to the circuit court of Yazoo county. SHACKLEFORD, J.

*Wilkinson* and *Bowman*, for plaintiff in error,

Filed the following assignment of error:

The court below erred in overruling the motion to set aside the judgment against the plaintiff in error, surety in the recognizance of Samuel Bibb.

Bibb was indicted for petit larceny, and entered into recognizance with one Jones as surety. Jones surrendered him to the sheriff, who took another recognizance with plaintiff in error as surety. This last recognizance did not specify the term of court at which Bibb was to appear. For this reason we think this recognizance was void.

" A sheriff can only take recognizance when the offense is committed in his presence or view, when the offender is arrested by him upon legal process in his hands, or upon *mittimus* or order of court." Revised Code, art. 129, p. 126 ; art. 287, p. 619.

A sheriff has no authority, under the statute, to take recognizance, except in a case where he may arrest a person by process of law. Pace v. State, 25 Miss., 54. He has no authority in this matter except what is granted by the statute, and he must keep within that, or else his acts are void. The case of Lewis v. The State, 41 Miss., 686, does not conflict with these views. In the latter case, David, the accused, at the time the recognizance was executed, was a slave, incapable of contracting ; and his master, Lewis, was his surety. The principal was not under recognizance at all, but simply in the actual custody of Lewis until his freedom.

A recognizance returnable to a term of court not fixed by law, is void ; and a void recognizance may be vacated at any time. Butler v. State, 12 S. & M., 470.

*J. S. Morris*, attorney general.

A surety on recognizance may be released from continued liability, by surrendering the principal. Lewis v. The State, 41 Miss., 686 ; 2 Story on Contracts, p. 547, §§ 975, 976 ; 1

Archbold Crim. Pr., 203; 1 Bishop Crim. Procedure, § 696; Harp v. Osgood, 2 Hill, N. Y., 216; Commonwealth v. Brown, 14 B. Monroe, 631; State v. Le Serf, 1 Bailey, 410.

The surrender of the principal may properly be made to the sheriff, because that officer may commit the prisoner to jail or take bail. Revised Code, p. 619, art. 288. State v. Brown, 32 Miss. R., 275. And the power of the sheriff to take bail, is a sufficient reason why such a surrender should be held sufficient. 1 Bailey, 44; Lawrence v. The State, 1 Carter, 359; The State v. Mahon, 3 Harrington, 568; Stevens v. The State, 2 Blackf., 104.

TARBELL, J.:

The facts in this case, as set forth in the bill of exceptions, are substantially these:

At the May term of the circuit court of Yazoo county, 1868, one Samuel Bibb was indicted for petit larceny. A bench warrant was issued, on which Bibb was arrested by the sheriff of that county, September 22, 1868, and on the same day let to bail by the sheriff, with one David Jones as surety.

Bibb was tried, convicted, and a new trial granted at the November circuit court, 1868. No order was made by the court discharging the surety, and on the 29th day of November, 1868, after the adjournment of the court, Jones, the surety, becoming uneasy as bail for Bibb, surrendered him to the sheriff, who thereupon let Bibb to bail with the plaintiff in error as surety, the recognizance being conditioned for the appearance of Bibb on the fourth Monday of May (without specifying the year), before the circuit court of Yazoo county. This last recognizance does not recite the surrender of Bibb by Jones to the sheriff, but is in the common form of recognizances. Bibb failed to appear at the term succeeding this recognizance. The usual steps were taken, and at the January term, 1870, judgment final was entered against Bibb, and Kellogg, his surety. Kellogg at that term made a motion to set aside the judgment thus obtained, which motion was overruled. From the decision and action of the circuit court in overruling the motion to set

aside the judgment, the defendant, Kellogg, brings this writ of error.

The solution of this case is found in Art. 129, p. 126, of the Rev. Code. By this article there are two classes of cases in which the sheriff may admit offenders to bail, to wit:

1st. When the offense is committed "in his view."

2d. He is "authorized to take bonds, recognizances with good and sufficient sureties, of any person or persons whom he may arrest on the process of any circuit court, charged with any crime or misdemeanor not punishable with death, conditioned for the appearance of the offender or offenders at the next term of the said court, and to fix the amount of such bond or recognizance, in case said court or judge has omitted to do so, unless such process be made returnable forthwith, during the term of the court at which the same is awarded."

The action of the sheriff in this instance seems to be in strict conformity to this article, because:

1st. The court had "omitted" to "fix the amount of such bond or recognizance."

2d. The process was not returnable forthwith, during the term of the court at which the same was awarded, but the court had adjourned, and process was issued in vacation, returnable to the next term of the court.

3d. The admitting of Bibb to bail by the sheriff, in September, with Jones as surety, was unquestionably correct.

4th. The result of the surrender of Bibb by Jones to the sheriff, without any action of the court as to the recognizance, was twofold: First, it released Jones from further liability; second, it replaced Bibb in custody of the sheriff upon the original process. The sheriff could now commit him to prison, or admit him to bail, without reference to anything that had transpired. At most, the second recognizance was only the substitution of Kellogg for Jones, but it was as though none other had been taken, and as though it was the first and only recognizance in the case. It is not necessary to consider the effect of the written undertaking of the surety, subscribed by him, but we apprehend that, upon investigation, it would be fatal to the objections raised by him on this writ of error

That sureties in criminal cases can surrender their principal in this and other states, as well as in England, is well established, both in law and practice, and that the sureties are thus released from continued liability is equally well settled.

An eminent author, quoting Hawkins, P. C., says: "A man's bail are looked upon as his jailors of his own choosing, and the person bailed is, in the eye of the law, for many purposes, esteemed to be as much in the prison of the court by which he is bailed as if he was in the actual custody of the proper jailor." The same author also says: "A person who is bail may arrest his principal anywhere." "So, also, the right of a man who is bail to surrender his principal, and thus discharge himself, exists with us."

A learned judge of Massachusetts said: "In legal contemplation, a prisoner, notwithstanding he is bailed, remains in the custody of the persons who become his bail, and they have a right, at any time, to discharge themselves by a surrender of their principal." The mode of making, and the officer to whom to make the surrender, are specially pointed out by statute in most of the states.

It may be laid down as a general rule, that the surrender should be made to an officer authorized to admit to bail, or to commit to jail.

In this state, the powers and duties of the sheriff in this regard are regulated by Arts. 287, 288, p. 619, Rev. Code, upon the directions of a committing magistrate, or orders of the court; or upon his own responsibility, in cases specified in Art. 129, p. 126.

In the matter under consideration, we think the conduct of the sheriff correct, and that the judgment of the court below should be affirmed.