## J. C. WHITENER ET AL. V. THE STATE.

### No. 1214.  Decided June 26, 1897.

**1.  Bail Bond—Scire Facias—Variance.**

Where the forfeited bail bond was signed "Jos Marx," but the indictment, the judgment nisi, and the scire facias all named the principal obligor as "J. Marx," and there was no pleading putting the identity of the party in issue, and no evidence adduced on the subject; Held, the court was authorized, as was done, to treat them as one and the same person; and it was not error to refuse defendant's special requested instruction to find for defendant unless the jury should believe they were one and the same person.

**2.  Same—Surrender of Principal by Surety Upon Affidavit Before Clerk in Vacation—Construction of Statutes.**

Where an affidavit by a surety for the surrender of a principal in a bail bond was made, out of term time, before the clerk of the court, and without any order from the judge; and a capias issued by the clerk, upon which the principal was rearrested; and it was contended, in view of the provisions of articles 321 and 258, Code of Criminal Procedure, that the affidavit was void, and the capias a writ not authorized in the premises; Held, the statutes, Code of Criminal Procedure, articles 318 to 323, inclusive, are intended to facilitate the surrender of a principal by his bail whenever they shall desire, from any cause, to surrender him; and to only allow this in a felony case, after indictment, when the court should be actually sitting, would afford but very little relief to the surety.

**3.  Same—Process.**

Where a surety surrenders his principal, it is provided by article 321, Code Criminal Procedure, that he may obtain from the court or magistrate before whom the affidavit is made, "a warrant for the arrest of such principal, which shall be executed as in other cases." Held, the statute is not restrictive to the county of the prosecution, but authorizes process to be issued to any county in the State.

HENDERSON, Judge, dissents, and holds, that the intention of the law was to confine the process to the county of the prosecution.

ERROR from the Criminal District Court of Galveston. Tried below before Hon. E. D. CAVIN.

Writ of error from a judgment final for $2000 and costs upon a forfeited bail bond.

The opinion states the case.

*P. A. Turner, Lovejoy & Sampson,* and *Frank M. Spencer,* for plaintiff in error.—The court erred in refusing defendant's special charge number 1, in which they presented the issue to the jury whether or not J. Marx and Jos. Marx were one and the same person, and unless they believed from the evidence that they were, then they would find for the defend-

ants. This charge should have been given, because the indictment, judgment nisi, and scire facias were against J. Marx and the bond was signed Jos. Marx. This assignment is submitted as a proposition. Wilcox v. State, 24 Texas, 544.

The clerk has no authority, in vacation, to take the affidavit of a surety desiring to surrender his principal, and issue a capias for his rearrest, and if he does the principal is illegally arrested, and any bond he may give to secure his liberty is void. Code Crim. Proc., arts. 300, 232, 457, 42; Roberts v. State, 4 Texas Crim. App., 129; Kiser v. State, 13 Texas Crim. App., 201; Brown v. State, 6 Texas Crim. App., 188; Chappell v. State, 30 Texas, 613.

J. Marx being charged with a felony in Galveston County, Texas, and having been rearrested by the sheriff of Bowie County, Texas, in Bowie County, and being in custody of the sheriff of the latter county, he had no authority to demand or receive of him bail, and the court should have so charged the jury, and in this case they would find for the defendants. This assignment is submitted as a proposition. Code Crim. Proc., art. 248.

Article 300. "Any surety desiring to surrender his principal may, upon making a written affidavit of such intention before the court or magistrate before which the prosecution is pending, obtain from such court or magistrate a warrant of arrest for such principal, which shall be executed as in other cases."

The affidavit must be made before the court or magistrate before which the prosecution is pending, and the warrant of arrest must be issued by such court or magistrate. The clerk is not authorized to take such affidavit and issue the warrant of arrest, in vacation, without the knowledge, consent, or direction of the judge of said court. The Legislature never intended to vest such powers in the clerk of a court. The statute does not authorize the issuance of a capias, but a warrant of arrest. No officer in this government can issue a warrant of arrest but a magistrate. Code Crim. Proc. art. 232. The clerk can issue a capias, but not a warrant of arrest. Code Crim. Proc., art. 457. Who are magistrates, and their duties? Code Crim. Proc., arts. 42, 43.

If the capias was illegally issued, then the principal was illegally arrested, and the bond executed to secure his liberty is void. Chappell v. State, 30 Texas, 613; Peacock v. State, 44 Texas, 11.

*Mann Trice,* Assistant Attorney-General, for the State.

[No briefs found with the record.—Reporter.]

HURT, PRESIDING JUDGE.—This is an appeal from a judgement on a forfeited bail bond.

It appears from the record in this case that on the 14th day of November, 1887, one J. Marx was indicted in the Criminal District Court of Galveston County for forgery. On the 15th of said month he was arrested on a capias, and taken before said court on the 18th of November,

1887, and entered into a recognizance with Sylvain Blum as surety. On the 24th of October, 1891, said case was still pending against Marx, and his surety, Blum, desiring to surrender said Marx, and be released from his recognizance, went before M. H. Royston, the clerk of said court (there not being then a term of said court), and made an affidavit of his desire and purpose to make surrender of the said Marx, his principal, who was then alleged to be in the county of Bowie. Upon the making of the said affidavit, the said clerk issued a capias addressed to the sheriff or any constable of Bowie County, and requiring the said officer to arrest said Joseph Marx on said charge of forgery pending against him in said District Court of Galveston County. The sheriff of Bowie County received said capias on the 26th of October, 1891, and executed the same on the 31st day of October, 1891, by arresting said Marx, and taking a bond from him for his appearance before the next ensuing term of the District Court of Galveston County, to answer said charge of forgery. The appellants, J. C. Whitener and S. B. Andrews, executed said bond, with said Marx as principal. The said Marx was released by the said sheriff from custody, and the writ or capias, with the return thereon and the bond, was returned into the said District Court of Galveston County. It appears that at the following term of the court in Galveston, to wit, on the 25th day of November, 1891, the judge of said court entered on the judge's docket an order in said case as follows: "No. 7617. The State of Texas vs. J. Marx. November 24, 1891. The defendant having been arrested on capias issued at the instance of the sureties on the recognizance herein and heretofore entered, and the defendant having subsequently given his appearance bond with other sureties, it is considered that said be, and the same is hereby discharged." This short minute was in the handwriting of the judge, but was unsigned, and was never carried into the minutes of the court. The record does not show that proceedings were had in said case until the 9th of January, 1893, when the said last mentioned bond was declared forfeited, and a judgment nisi taken thereon. On the 4th of February following, after the service of the scire facias on the sureties, the judgment nisi was made final, the appellants being represented in court, and contesting the same, and they now prosecute this appeal. They have assigned a number of errors, but the most material only will be noticed.

1. The bond in this case was signed "Jos. Marx," and the indictment, the judgment nisi, and scire facias contain the name "J. Marx," and the defendant asked the court to charge the jury that, unless they believed J. Marx and Jos. Marx were one and the same person, they should find for the defendant. There was no pleading putting this in issue, and no evidence was adduced on the subject. The court gave no special charge on this subject, but treated them as one and the same person. This, in our opinion, he was authorized to do. See Anderson v. State, 19 Texas Crim. App., 299; Hutchings v. State, 24 Texas Crim. App., 242; Vidauri v. State, 22 Texas Crim. App., 676; Robinson v. State, 34 Texas Crim. Rep., 131.

2. In the trial of the case parol evidence was introduced, over the defendant's objection, of the making of the affidavit by Blum before the clerk of his desire to surrender the defendant Marx. The loss was shown by the custodians of the paper, and if the evidence was admissible, there was no error in admitting secondary evidence of the lost instrument. The appellants, however, object to this testimony, on the ground that the clerk could not take such affidavit in vacation, and had no authority on such affidavit to issue a capias for the arrest of the said Marx; and their answer set up fully that the clerk of said court had no authority to take the affidavit of Blum, and to issue the writ of capias to Bowie County, and that the arrest thereunder, and all the proceedings, were null and void, including the execution of the bond in question; and defendants also asked of the court a charge involving the same defense, which was refused by the court, and they excepted. The contention here is that, there being no authority for the issuance of the capias under which the bond was taken, the arrest and taking the bond by the sheriff of Bowie County was not authorized by law, and said bond is void. The authority for making surrender of a principal on a bail bond by his sureties is contained in the Code of Criminal Procedure of 1895, from articles 318 to 323, inclusive. Article 318 provides: "Those who have become bail for an accused, or either of them, may at any time relieve themselves of their undertaking, by surrendering the accused into the custody of the sheriff of the county where he is prosecuted." This article appears to refer to a manual surrender by the surety of his principal into custody of the sheriff, and it is not contemplated that any process may be issued. In such case it is said in Patillo v. State, 9 Texas Criminal Appeals, 457, "that the sheriff, after surrender, holds him by virtue of former process [capias] issued in the case." The two succeeding articles (319 and 320) refer to the surrender when made under article 318, and undertake to prescribe the steps to be taken in executing new bail. The first article relates to a surrender made during term time, and requires bail to be taken by recognizance in open court. The succeeding article (320) relates to such surrender when made out of term time, and authorizes the sheriff to take the necessary bail. Article 321 is the provision of the Code of Criminal Procedure of 1895, under which the surrender was made in this case, and reads as follows: "Any surety desiring to surrender his principal may, upon making a written affidavit of such intention before the court or magistrate before which the prosecution is pending, obtain from said court or magistrate a warrant of arrest for such principal, which shall be executed as in other cases." Article 322 provides: "If the accused fail or refuse to give bail, in case of a surrender during a term of court, the court shall make an order that he be committed to jail until bail be given; and this shall be a sufficient commitment, without any written order or warrant to the sheriff." This appears to apprehend a surrender in the county of the prosecution. Article 323 is as follows: "When the surrender is made at any other time than during the session of the court, and the defendant fails or refuses to give other bail, the

sheriff shall take him before the nearest magistrate, and such magistrate shall issue a warrant of commitment, reciting the fact that the accused has been once admitted to bail, and has been surrendered, and now fails or refuses to give other bail." These articles are quoted, as they are the authority under which the bond was taken in this case.

The contention of the appellants is that in article 321 the required affidavit is to be made before a court or magistrate, and that, as the affidavit was made out of term time before the clerk, and without even any order of the judge, it was absolutely void, and did not authorize the clerk to issue the writ for the arrest of Marx; and it is moreover urged that as the article in question authorized the issuance of a warrant, which the judge might do under article 258, Code of Criminal Procedure, 1895, the issuance of a capias was not the legal writ which was authorized to be issued. If we adhere closely to the letter of the statutes as here expressed, we might adopt the construction claimed by appellants, but we believe a more liberal construction should be adopted. The statutes in question are intended to facilitate the surrender of a principal by his bail, whenever they shall desire from any cause to surrender him; and to only allow this in a felony case after indictment, when the court should be actually sitting, would afford but very little relief to the surety. Moreover, articles 320 and 322 provide a mode of procedure when a surrender is made at any other time than during a term of the court; and these serve to favor the construction that the affidavit can be made when the court is not in session, and that the writ, whether it is called a "warrant" or "capias," is authorized to issue for the arrest of the principal. At least, such, in our opinion, is the proper view to take in construing these statutes.

The only other question in the case is as to whether the process issued in this case from Galveston County to Bowie County was authorized. In our opinion a proper construction of the articles of the Code of Criminal Procedure on the subject of a surrender of a principal by his sureties authorizes this process, and the bond taken was a good and valid bond. Article 321, Code of Criminal Procedure, 1895, provides: "Any surety desiring to surrender his principal may, upon making a written affidavit of such intention before the court or magistrate before which the prosecution is pending, obtain from such court or magistrate a warrant of arrest for such principal, which shall be executed as in other cases." In the view we take of this matter this statute is not restrictive to the county of the prosecution, but authorizes process to issue to any county in the State. We therefore conclude that bond taken in this case was a valid and legal bond, and it is therefore considered, adjudged, and decreed that the judgment of the lower court be in all things affirmed.

*Affirmed.*

HENDERSON, JUDGE, Dissenting.—I concur in all of the opinion of the court except that portion which holds that our statute authorizes a surety to surrender his bail by making affidavit and procuring process to

another county, and do not believe that the statute gives this authority. Article 318 unquestionably provides for a surrender in the county of the prosecution. Does article 321 authorize the surety to send a writ for his principal beyond the county of the prosecution, and authorize his capture and detention in such other county, or his being brought back by the sheriff to the county of the prosecution? If so, then a surety under this article can entail a large expense on the State without any beneficial result whatever. If the bond is forfeited, it is true that the writ will then issue to such other county, but this is provided for by statute. This statute is intended to confer a benefit on the surety, but not to entail a loss or expense on the State. The object of the law, it would appear, is to give the surety authority, under the statute, to relieve himself of liability under the bond; but, before he is relieved, he must put the State in at least as good a situation as it was before. By a surrender of the principal to the court or sheriff in the county of the prosecution, the State is at once put in custody of the defendant, without any additional expense to the State. On his affidavit a surety can get a writ, in order to have his principal arrested; but that writ, in our opinion, can only go to the county of the prosecution, and the surety is not relieved until the principal is in the custody of the sheriff of the county of the prosecution under such writ. This construction is borne out by reference to article 323, under which the bond in this case was attempted to be taken. That article (323) requires, when the surrender is made at any other time than during the session of the court, and the defendant fails or refuses to give other bail, "that the sheriff shall take him before the nearest magistrate, and such magistrate shall issue a warrant of commitment, reciting the fact that the accused has been once admitted to bail, and has been surrendered, and now fails or refuses to give other bail." Now, suppose that when Marx was arrested in Bowie County he had refused to give bond, then it would have been the duty of the officer to have taken him before the nearest magistrate in Bowie County, and have the magistrate issue his warrant of commitment, reciting the fact that the accused had been admitted to bail, and had been surrendered, and now fails or refuses to give other bail. To what jail would the magistrate commit the accused in such case? The statute does not inform us. We take it, however, if he could commit him to any jail, it would be to the jail of Bowie County, there to await another writ to be sent for him from Galveston County. We do not believe the statute in question contemplated such a course of procedure, and that the intention of the law was to confine the process to the county of the prosecution. If such is the correct view of the proposition, then the bond taken in this case was without authority of law, and void. See State v. Beebe, 13 Kan., 589; Plummer v. People, 16 Ill., 358; Dickenson v. State, 20 Neb., 180; State v. Winninger, 81 Ind., 51; Kellogg v. State, 43 Miss., 57; State v. Le Cerf, 1 Bailey (S. C.), 410; 3 Enc. Pl. and Prac., p. 245.

The above authorities establish the principle that, where the bond is taken without authority of law, it is null and void; and believing as I do that there was not authority to issue the process in this case from Galveston to Bowie County, I conclude that the bond taken was void and of no effect.