## Ben Smith v. The State.

### No. 3094. Decided December 17, 1904.

**1.—Carrying Pistol—Surrender of Principal—Theft of Cotton.**

Where defendant was tried for unlawfully carrying a pistol, it was no defense that he needed the pistol for the arrest of his principal upon whose bail bond he was surety, but for whom he had no warrant of arrest to bring him in and surrender him to the sheriff; nor was it a defense that he attempted to arrest the same person for stealing his cotton without warrant at the time he was found with a pistol on his person, the party not being caught in the act of such theft.

**2.—Same—Statutes Construed—No Authority to Arrest Without Warrant.**

The statute provides how a surrender by a party can be made of the principal, and article 318 Code Criminal Proceedure must be construed in connection with subsequent articles of the Code of Criminal Procedure which provide that the surety desiring to surrender his principal must make affidavit and obtain a warrant of arrest where the principal is unwilling to be surrendered, and he is not authorized to forcibly arrest and take the principal and surrender him and carry a pistol to affect such arrest by virtue of his suretyship.

**3.—Same—Facts Stated—No Evidence of Arrest.**

Where the evidence showed that defendant had gone on the bond of J. for his appearance before the district court in a felony case, and the said J. and another were in a wagon and as defendant approached the said J. jumped out and started to run and appellant got his pistol and fired in the air, J. firing back at defendant and then ran away, there was no evidence that he was undertaking to arrest J., even if he had been authorized to do so, which he was not, and there was no legal reason why defendant should have been armed.

Appeal from the County Court of Waller.   Tried below before Hon. J. D. Haney.

Appeal from a conviction of unlawfully carrying on and about his person a pistol; penalty, a fine of $25.

The opinion states the case.

*A. G. Lipscomb* and *W. J. Poole,* for appellant.—On proposition of surrender of Principal by Surety:   Hughes v. State, 28 Texas Crim. App., 499.   On question of intent:   Lyle v. State, 21 Id., 153; Cathey v. State, 5 S. W. Rep., 137.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of carrying a pistol, and his punishment assessed at a fine of $25.   The evidence shows that he was en route from his home to Hempstead; and carried the pistol in his buggy.   He had gone on the bond of Ike Johnson for his appearance before the district court in a felony case.   Ike Johnson and another man were in a wagon, and as appellant approached the wagon, Johnson jumped out and started to run.   Appellant got his pistol and fired it in the air.   Johnson fired one shot at appellant and ran away.   Appellant proposed to show that he had been informed Johnson intended to forfeit his bond; and that he had gone to the sheriff in regard to the matter, and had been told by the sheriff to bring in and surrender Johnson, and thus secure release from the bond.   He set up this as a reason why he had the pistol; that is, he desired to arrest Johnson and carry him to the sheriff.   The evidence was excluded, and properly. The statute provides how a surrender by a party can be made of the principal.   This is, there must be an affidavit made and warrant issued by the proper court or magistrate.   This was not done nor sought to be done.   This conversation occurred two or three days prior to the time appellant had the pistol.   Appellant also desired to prove that he had been informed on the morning before he was seen with the pistol, that Johnson had stolen some of his cotton, and while en route to town he overtook Johnson and proposed to arrest him.   So it seems there are two questions appellant sought to rely on as justifying him in carrying the pistol; first, to arrest Johnson, surrender him and be released from the bond; and second, to arrest Johnson on the information he had that Johnson had stolen some of his cotton.   Neither of these grounds afford an excuse or reason why appellant carried the pistol.   He was not

deputized by any court or magistrate to make the arrest and carry the pistol. Nor did he propose to show that the sheriff had so authorized him. The sheriff had not made him a deputy, nor undertaken to do so. He was not a peace officer, nor a member of the sheriff's posse summoned to assist the sheriff in executing process. Neither of these grounds afford any excuse for his carrying the pistol. It was admitted by appellant on the witness stand that Johnson did not have the cotton at the time he overtook him in the wagon. The court submitted the issue of appellant's intent in carrying the pistol; that is, if he had no intention of violating the law he should be acquitted, and that this intent or want of intent would not protect him unless he had reasonable grounds for believing he had the right to carry the pistol. This charge was favorable to appellant, because not called for by the facts. He had no grounds, reasonable or otherwise, legally speaking, for carrying the pistol, and no fact upon which to predicate such belief was introduced. We find no error in the record, and the judgment is affirmed.

*Affirmed.*

## ON REHEARING.

### March 23, 1905.

DAVIDSON, PRESIDING JUDGE.—Appellant contends the court was in error in affirming the judgment at the recent Tyler Term, and that the judgment should be reversed. A sufficient statement of the case is found in the original opinion.

Appellant contends that he had the right to arrest and deliver to the sheriff the alleged injured party, because he (appellant) was surety on his bond for his appearance before the district court, and under article 318, Code Criminal Procedure, that it was not necessary for him to obtain a warrant of arrest, or to take any other steps than simply arrest his principal and deliver him to the sheriff. It is true that article 318, Code Criminal Procedure, provides that the sureties on a bail bond many surrender their principal and be released; but under subsequent articles of the Code it is provided that wherever the surety desires to surrender his principal he must make affidavit and obtain a warrant. Appellant urges, and cites some cases which he contends support his proposition, that the surety may arrest his principal for the purpose of surrendering him without warrant. An examination of those authorities in our judgment do not sustain the contention. It may be conceded that if the surety could induce the principal to accompany him for the purpose of being surrendered that a warrant is not necessary; but this does not authorize the surety to forcibly arrest and take the principal and surrender him, unless he is armed with proper legal authority. As we understand the record, it may be here stated that there was no attempt on the part of appellant to arrest his principal. He assigns more than one reason for having the pistol; one that he desired to arrest his principal and surrender him; and another that he was informed his principal had stolen cotton from him (appellant) and he also wanted

to arrest him for that reason. However, the facts show that as he approached his principal (who was riding ahead of him in a wagon) he jumped out and began going away, when appellant drew his pistol and fired in the air. There was no demand for surrender. This seems to be about all that was done, except that his principal fired at him and fled. This ended the transaction. We are of opinion that where the surety proposes to surrender his principal he can do so, if the principal will accompany him to the sheriff willingly. If not, he must make the affidavit and secure the warrant of arrest. This seems to be our statutory provision.

We are further of opinion that the evidence does not show that he was undertaking to arrest Johnson. The only evidence that he intended to arrest the principal was not communicated to him, but was developed on the trial of the case for carrying the pistol, when appellant testified that such was his reason for having the pistol. We do not believe this evidence shows any legal reason why appellant was armed.

A statement in the opinion in regard to the evidence is criticised, wherein it was said that appellant was en route to town when he overtook his principal and exhibited and fired his pistol. The statement of appellant himself is authority for that language in the opinion. He stated he desired to arrest his principal "and carry him on to town" with him. We think the criticism of that part of the opinion is hypercritical. If he was "going on to town," as stated, he certainly was en route to town. We believe the court's charge presented every issue in the case fully and favorably to appellant in every aspect. The motion for rehearing is overruled.

*Overruled.*

Henderson, Judge, absent.