C. A. WELLS ET AL. v. THE STATE.

No. 8725.     Delivered April 22, 1925.

**Forfeiture of Bond—Must Surrender Principal.**

The mere securing of a warrant to be issued, and placed in the hands of the sheriff for the arrest of the defendant, does not relieve the sureties on his bond from liability, if the principal makes default. He must be actually arrested, and delivered to the custody of the Sheriff, before the sureties are released. The reason for this construction of Arts. 330 and 333 C. C. P., are obvious. Distinguishing Roberts v. State, 4 Tex. Crim. App. 129, and Woodring v. State, 108 S. W. 371.

Appeal from the District Court of Hemphill County. Tried below before the Hon. W. R. Ewing, Judge.

Appeal from a judgment of forfeiture of a bail bond against W. G. Wilson, surety.

*Hoover, Hoover & Willis* of Canadian, for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BAKER, Judge.—This is an appeal from a judgment of forfeiture of a bond in the district court of Hemphill county against W. G. Wilson as surety thereon. Appellant Wilson appeals from said judgment to this court and asks a reversal of said judgment upon the following assignments of error. Because the court forfeited said bond after his attention had been called to the fact that said sureties had procured a warrant to be issued and placed in the hands of the sheriff for the arrest of the principal on said bond, and claiming that they were released by reason of said fact, and because the court made the judgment nisi final after the sureties had filed an affidavit and procured a warrant and placed it in the hands of the sheriff. which they alleged was in effect surrendering the principal on said bond.

The above errors alleged, it will be observed, in effect bring before this court for review a construction of the statutes as to whether or not the act of the sureties in filing an affidavit upon which to obtain a warrant of arrest for the defendant, their principal, and securing said warrant of arrest and turning same over to the sheriff, was in law a surrender of said principal and released them from their bond.

Art. 330, Code of Criminal Procedure, is as follows:

"Those who have become bail for the accused, or either of them. may at any time relieve themselves of their undertaking by surrendering the accused into the custody of the sheriff of the county where he is prosecuted."

Art. 333 of said Code of Criminal Procedure provides:

"Any surety desiring to surrender his principal may, upon making a written affidavit of such intention before the court or magistrate before which the prosecution is pending, obtain from said court or magistrate a warrant of arrest for such principal, which shall be executed as in other cases."

It will be observed from the above articles that the law contemplates that the surety on sureties may surrender the principal by taking him in person and delivering him to the shariff and thereby become released from any further obligations on the bond, or they can make the affidavit as required and obtain a warrant of arrest and deliver the warrant to the sheriff and he will then arrest the defendant as in other cases. Appellant, in construig the last article above mentioned, contends before this court that when he secured the warrant of arrest and delivered it to the sheriff he had fully complied with the above article and was thereby fully released from

any further obligation on the bond, and in support of his contention cites the case of Roberts v. State, 4 Court of Appeals Reports, 129, and the case of Woodring v. State, 108 S. W. 371. The Roberts case merely discusses the two modes of surrendering the principal on the bond, and we fail to see any application to the instant case. In Woodring case, opinion rendered by Judge Brooks, the point at issue involved the first article of the statutes only, in which there was a personal surrender of the principal under investigation, and the question was not involved as to the method of securing the warrant of arrest, and we fail to see in that opinion any statement bearing out the contention of appellant in the instant case; but if it did so—which we do not admit—it could not be more than dictum of the court, as Art. 333 was not involved at all.

In the case of Whitner et al. v. State, 41 S. W. 595, the construction of Art. 333 was under investigation, involving the surrender of the principal in a bail case, and the contention of the appellants in that case was that, because the bondsmen went before the clerk instead of before the court or magistrate where the prosecution was pending and made the affidavit and obtained the warrant and had the defendant arrested in Bowie county, the same was void. The affidavit and warrant of arrest was sued out in Galveston county. Judge Hurt, in discussing that phase of the case, upheld the proceedings had before the clerk of Galveston county and the arrest of the defendant in Bowie county, and said:

"If we adhere closely to the letter of the statute as here expressed we might adopt the construction claimed by appellants, but we believe a more liberal construction should be adopted. The statutes in question are intended to facilitate the surrender of a principal by his bail whenever they shall desire from any cause to surrender him."

It will be observed from the opinion that these statutes are to be liberally construed, and not literally, and Judge Henderson in a dissenting opinion in said case, wherein he contended that the statute contemplated that the sureties should arrest the defendant and surrender him to the sheriff of the county where the prosecution is pending, uses the following language:

"This statute is intended to confer a benefit upon the surety. but not to entail loss or expense upon the State. The object of the law, it would appear, is to give the surety authority under the statute to relieve himself of liability under the bond; but, before he is relieved, he must put the State in at least as good a situation as it was before."

We take it from the extracts of the case *supra* that it is clearly shown by the majority of the court that you do not have to follow literally the wording of the statute in question, and from the dis-

senting opinion of Judge Henderson that the surety has to put the State in at least as good a position as it was before, before the surety will be relieved.

We have found no authority contrary to the doctrine above stated, and we believe same is the law and against the contention of the appellant in this case. The condition of bail bonds is to the effect that the defendant or principal will remain in appearance before said court from day to day and from term to term until discharged. Now, to take the view of the appellant in this case, that all that is necessary to relieve a surety on his bond is to make an affidavit, obtain a warrant of arrest and turn it over to the sheriff; if that were true, it strikes us it would be entirely useless to require any bond at all; because the defendant could go without the jurisdiction of the court, leave the country, and then his sureties could make the affidavit, obtain a warrant and turn it over to the sheriff, and no one be liable for the appearance of the defendant before the court. If this court should adopt such a construction of the above statutes, it will be readily seen that there would be very few guilty persons out on bail who would ever appear before the courts of this country for trial.

We are unable to agree with the contention of the appellant in this case, and hold that same is not the law, and, after a careful examination of the record, are of the opinion that the judgment of the lower court should be in all things affirmed, and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.