

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

January 10, 1974

The Honorable Tom Hanna
Criminal District Attorney
Jefferson County
P. O. Box 2553
Beaumont, Texas 77704

Opinion No. H- 208

Re: The expenses of a rearrest
of a defendant on a bond for-
feiture or affidavit of surety
to surrender.

Dear Mr. Hanna:

You have asked our opinion on five questions relating to the costs of rearrests of defendants on bond forfeitures and affidavits of surety to surrender. Your first question is:

"Is a county or county sheriff's department entitled to reimbursement from bail bondsmen and/or attorneys, as sureties, for costs incurred by such department in the rearrest of a defendant within the state after a bond forfeiture?"

Article 17.08, Vernon's Texas Code of Criminal Procedure, provides in part:

" A bail bond shall be sufficient if it contains the following requisites:

. . .

"6. The bond shall also be conditioned that the principal and sureties, if any, will pay all necessary and reasonable expenses incurred by any and all sheriffs or other peace officers in rearresting the principal in the event he fails to appear before the court or magistrate named in the bond at the time stated therein. The amount of such expense shall be in addition to the principal amount specified in the bond. The failure of any bail bond to contain the conditions specified in this

> paragraph shall in no manner affect the legality
> of any such bond, but it is intended that the sheriff
> or other peace officer shall look to the defendant
> and his sureties, if any, for expenses incurred by
> him, and not to the State for any fees earned by
> him in connection with the rearresting of an
> accused who has violated the conditions of his
> bond."

It is clear that the sureties are liable for rearrest expenses when the bond contains language so stating. The statute contemplates that some bonds may not contain rearrest expense provisions. Although the absence of such provisions will not invalidate a bond, we believe the clear import of the statute imposes liability on the sureties and defendants for rearrest expenses without regard to the presence of such language in the bond.

Your second question is:

> "Is a county or county sheriff's department entitled to
> reimbursement from bail bondsmen and/or attorneys,
> as sureties, for costs incurred by such department
> in the rearrest of a defendant within the state on affi-
> davits for release of surety?"

The procedure by which a surety is relieved of liability by affidavit is set out in Vernon's Texas Code of Criminal Procedure, Art. 17.19, which provides:

> "Any surety, desiring to surrender his principal,
> may upon making affidavit of such intention before the
> court or magistrate before which the prosecution is
> pending, obtain from such court or magistrate a
> warrant of arrest for such principal, which shall be
> executed as in other cases."

We believe your question is answered by the opinion of the Court of Criminal Appeals in Wells v. State, 271 S. W. 918 (Tex. Crim. 1925) which was a bond forfeiture case under a virtually identical statute. The Court relied on both the majority and dissenting opinions in Whitner v. State, 41 S. W. 595 (Tex. Crim. 1897) and said:

" . . . Judge Henderson in a dissenting opinion
in said case, wherein he contended that the statute
contemplated that the sureties should arrest the
defendant and surrender him to the sheriff of the
county where the prosecution is pending, uses
the following language:

" 'This statute is intended to confer a benefit on
the surety, but not to entail a loss or expense on the
state. The object of the law, it would appear, is to
give the surety authority, under the statute, to relieve
himself of liability under the bond; but, before he is
relieved, he must put the state in at least as good a
situation as it was before.'

"We take it from the extracts of the case, supra,
that it is clearly shown by the majority of the court
that you do not have to follow literally the wording
of the statute in question, and from the dissenting
opinion of Judge Henderson that the surety has to
put the state in at least as good a position as it was
before, before the surety will be relieved.

"We have found no authority contrary to the doctrine
above stated, and we believe same is the law and against
the contention of the appellant in this case. The con-
dition of bail bonds is to the effect that the defendant
or principal will remain in appearance before said
court from day to day and from term to term until
discharged. Now, to take the view of the appellant in
this case, that all that is necessary to relieve a surety
on his bond is to make an affidavit, obtain a warrant of
arrest and turn it over to the sheriff; if that were true,
it strikes us it would be entirely useless to require any
bond at all, because the defendant could go without the
jurisdiction of the court, leave the country, and then
his sureties could make the affidavit, obtain a warrant
and turn it over to the sheriff, and no one be liable for
the appearance of the defendant before the court. If
this court should adopt such a construction of the above

> statutes, it will be readily seen that there would be
> very few guilty persons out on bail who would ever
> appear before the courts of this country for trial."
> (271 S. W. at 919-920).

See also Apodaca v. State, 493 S. W. 2d 859 (Tex. Crim. 1973); Thompson
v. State, 335 S. W. 2d 226 (Tex. Crim. 1960). Accordingly, we believe a surety
may be liable for the expenses of rearrest of the defendant, notwithstanding
the filing of an affidavit and issuance of a warrant under Article 17.19.

Your third question is:

> "Where a county has paid, pursuant to the authority of
> Vernon's Annotated Code of Criminal Procedure,
> Article 51.10, Sec. 2, the actual and necessary tra-
> veling expenses of an officer commissioned by the
> Governor to rearrest and return a fugitive from
> justice upon whom a bond has been forfeited or
> affidavit of surrender has been filed, is the county
> entitled to reimbursement from the bondsmen and/or
> attorneys, as sureties, for such expenses?"

Article 51.10 provides:

> "The officer or person so commissioned shall
> receive as compensation the actual and necessary
> traveling expenses upon requisition of the Governor
> to be allowed by such Governor and to be paid out
> of the State Treasury upon a certificate of the Governor
> reciting the services rendered and the allowance therefor.
>
> "Sec. 2. The commissioners court of the county where
> an offense is committed may in its discretion, on the request
> of the sheriff and the recommendation of the district attorney,
> pay the actual and necessary traveling expenses of the officer
> or person so commissioned out of any fund or funds not
> otherwise pledged."

The primary obligation for reimbursing persons who bring fugitives
from justice back to this state rests on the Governor, although in rare
instances the county may pay the actual and necessary expenses of the

officer. Attorney General Opinion V-587 (1948). If a county does reimburse the officer who rearrests a defendant who has forfeited bond or whose sureties have filed an affidavit of surrender and returns him to this State, we believe it may look to the sureties for the expense incurred just as if the fugitive had been found within the State.

Your fourth question is:

"In the event the bondsmen and/or attorneys are responsible in any of the above instances, what expenses are reimburseable? Here, we are concerned with costs attributable to mileage, officer's salary, motel bills, meals and any other expenses incurred by the sheriff's department in the rearrest of a defendant."

The expenses which are reimburseable are those which are "necessary and reasonable", Article 17.08, Vernon's Texas Code of Criminal Procedure, Scott v. State, 102 S.W. 2d 434 (Tex. Crim. 1937). Whether a particular type of expenditure is necessary and reasonable in a particular case requires a finding of fact which we are neither permitted nor competent to make. Therefore, it is impossible to give a categorical list of the expenses which are to be reimbursed. Attorney General Opinion V-186 (1947).

Your final question is:

"What course of action is available to a county in the event the bondsmen and/or attorneys refuse or fail to provide reimbursement for the costs involved in these rearrests?"

The basic statute governing this question is Vernon's Texas Code of Criminal Procedure, Article 22.10, which provides:

"When a forfeiture has been declared upon a bond, the court or clerk shall docket the case upon the scire facias or upon the civil docket, in the name of the State of Texas, as plaintiff, and the principal and his sureties, if any, as defendants; and the proceedings had therein shall be governed by the same rules governing other civil suits."

It is our opinion that a scire facias proceeding in a bond forfeiture case may include any claim for reimbursement of expenses of rearrest. Attorney General Opinion C-635 (1966). In cases where a forfeiture has not been taken (see question 2), we believe the county not only has available the remedy of scire facias but also may institute a civil proceeding to recover any expenses of rearrest.

### SUMMARY

A county is entitled to reimbursement from sureties for the reasonable and necessary costs of rearrest after a bond forfeiture or an affidavit of surrender under Article 17.19, Vernon's Texas Code of Criminal Procedure. The expenses may be recovered in a scire facias proceeding or in a separate civil action.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee