Joseph H. AUSTIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 51732.

Court of Criminal Appeals of Texas.

Sept. 15, 1976.

Gordon R. Cooper, II, Houston, for appellant.

Carol S. Vance, Dist. Atty. and James C. Brough, Alvin M. Titus and James Sims,

Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

In a trial before a jury, appellant was convicted of the misdemeanor offense of false imprisonment. See V.T.C.A. Penal Code, Section 20.02. Punishment was assessed by the court at thirty days, probated for one year. The acts constituting the alleged false imprisonment occurred about 8:00 p.m. January 10, 1974, when appellant, surety on a forfeited $5,000 bail bond, the principal being Emery Scroggins, went with two employees to the home of Scroggins, kicked in the door when Scroggins refused to open it, forcibly wrestled him to the floor, seized and handcuffed Scroggins, and took him to the Harris County jail. Appellant there notified the sheriff that he, as surety on the forfeited bond, was surrendering Scroggins. Appellant had no arrest warrant, and neither he nor any of the men with him were peace officers.

Under his first ground of error, appellant admits that he forcibly "arrested" Scroggins, the complaining witness, after he had "jumped bail," but he contends that the "arrest" was lawful by virtue of Article 17.16, V.A.C.C.P. He argues that he had not committed the offense of false imprisonment under V.T.C.A. Penal Code, Section 20.02, since subsection (d) of said Section provides: "It is no offense to detain or move another under this section when it is for the purpose of effecting a lawful arrest or detaining an individual lawfully arrested." Appellant agrees that "the entire case then turns on whether the arrest by appellant of Scroggins was lawful or not."

V.T.C.A. Penal Code provides:

"Section 20.02. False Imprisonment

"(a) A person commits an offense if he intentionally or knowingly restrains another person.

    \*    \*    \*    \*    \*    \*

(d) (Quoted above)"

Article 17.16, V.A.C.C.P. (1965) provides:

"Those who have become bail for the accused, or either of them, may at any time relieve themselves of their undertaking by surrendering the accused into the custody of the sheriff of the county where he is prosecuted."

This article is the same as its immediate predecessor, Article 282, V.A.C.C.P. 1925.

In the absence of a statute to the contrary, the common law right of a surety to arrest and surrender his principal is thusly set forth by the Supreme Court in *Taylor v. Taintor*, 16 (83 U.S.) Wall 366, p. 371, 21 L.Ed. 287:

"When bail is given, the principal is regarded as delivered to the custody of his sureties. Their dominion is a continuance of the original imprisonment. Whenever they choose to do so, they may seize him and deliver him up in their discharge; and if that cannot be done at once, they may imprison him until it can be done. They may exercise their rights in person or by agent. They may pursue him into another State; may arrest him on the Sabbath; and if necessary, may break and enter his house for that purpose. The seizure is not made by virtue of new process. None is needed. It is likened to the rearrest by the sheriff of an escaping prisoner."

See also *Fitzpatrick v. Williams, Sheriff* (5th Cir. 1931), 46 F.2d 40, 73 A.L.R. 1365, and the authorities cited in Annotation, 73 A.L.R. 1369.

As stated in 8 C.J.S. Bail § 25, p. 44. "The right of the bail to seize their principal is not dependent on issuance of new process. None is needed. The right results from the nature of the undertaking of bail, and *if there is no statutory provision to the contrary* it need not be exercised by process, but, *ordinarily,* the bail may arrest the principal without any warrant or bailpiece." (Emphasis added).

We refer now to Article 17.19, V.A.C.C.P. (1965) which reads as follows:

"Any surety, desiring to surrender his principal, may upon making affidavit of

such intention before the court or magistrate before which the prosecution is pending, obtain from such court or magistrate a warrant of arrest for such principal, which shall be executed as in other cases."

This article is the same as its immediate predecessor, Article 285, V.A.C.C.P. 1925.

In *Pfeil v. State,* 118 Tex.Cr. 124, 40 S.W.2d 120 (1931), the Court stated:

"Under our statute, there are two modes by which a principal may be surrendered by his bail. The first is that pointed out in Article 282 of the Code of Criminal Procedure (1925) which is as follows: (identical with present Article 17.16, V.A.C.C.P., supra)

"Secondly, under Article 285, C.C.P., (1925) which provides: (identical with present Article 17.19, V.A.C.C.P., supra)."

In *Pfeil,* supra, p. 123, the Court stated that:

"When the statute prescribes the manner in which the principal in a bail bond may be surrendered by his sureties, the statutory method must be strictly followed."

See also *Apodaca v. State,* Tex.Cr.App., 493 S.W.2d 859; *Thompson v. State,* 169 Tex.Cr. 495, 335 S.W.2d 226; *Whitner v. State,* 38 Tex.Cr. 146, 41 S.W. 595; *Woodring v. State,* 53 Tex.Cr. 17, 108 S.W. 371; *Roberts v. State,* 4 Tex.Cr.App. 129.

In *Pfeil,* supra, the Court, in construing the statute strictly, held that the surrender must be a manual surrender to the sheriff of the county where the principal is being prosecuted, and not to the sheriff of an adjoining county.

In *Smith v. State,* 47 Tex.Cr. 469, 85 S.W. 1078 (1915), the Court stated as follows on rehearing:

"Appellant contends that he had the right to arrest and deliver to the sheriff the alleged injured party, because he (appellant) was surety on his bond for his appearance before the district court, and under Article 318, Code Cr.Proc. 1895 [1]

that it was not necessary for him to obtain a warrant of arrest, or to take any other steps than simply arrest his principal and deliver him to the sheriff. It is true that Article 318 provides that the sureties on a bail bond may surrender their principal and be released, but under subsequent article of the Code it is provided that, wherever the surety desires to surrender his principal, he must make affidavit and obtain a warrant.[2] Appellant urges, and cites some cases which he contends support his proposition, that the surety may arrest his principal for the purpose of surrendering him without warrant. An examination of those authorities, in our judgment, does not sustain the contention. It may be conceded that, if the surety could induce the principal to accompany him for the purpose of being surrendered, a warrant is not necessary; *but this does not authorize the surety to forcibly arrest and take the principal and surrender him, unless he is armed with proper legal authority. . .* We are of opinion that, where the surety proposes to surrender his principal, he can do so, if the principal will accompany him to the sheriff willingly. If not, *he must make the affidavit and secure the warrant of arrest.* This seems to be our statutory provision." (Emphasis added.)

See *Woodring v. State,* supra; *Roberts v. State,* supra.

In *Gray v. Strickland,* 163 Ala. 344, 50 So. 152 (1909), a civil suit for damages for false imprisonment, the Supreme Court of Alabama in affirming a judgment for the plaintiff below said:

"Under the common law the sureties upon a defendant's bail had the unquestioned right to arrest him at pleasure and surrender him into the hands of the law, and this could be done without the issuance of process. (Citing authorities). Section 6351, Code 1907, provides for the discharge of the sureties by a surrender of the principal, and also provides for the

---

1. Present Article 17.16, V.A.C.C.P. (1965).

2. This obviously is a reference to Article 321, Code Cr.Proc. 1895, presently Article 17.19, V.A.C.C.P., 1965.

arrest of the defendant upon a certified copy of the undertaking. Therefore, under the statute, the sureties have the right to procure their discharge by surrendering the principal at any time before a default, just as they had under the common law; the only change being that the arrest must be made upon a certified copy of the bond. The statute does not give any additional rights or powers, but really qualifies the common-law right of arrest, and this method, as prescribed by the statute, must be exclusive. It gives no additional right to arrest, and cannot be said to be in aid of or cumulative to the common-law in this particular, and, to give it any meaning or operation whatever, it must be construed as confining the right of arrest by the sureties in the manner therein required. To hold otherwise would render the statute meaningless as to the requirement in making arrests, and in effect stultify the lawmakers."

See, also, *Nicholson v. Killpatrick,* 188 Ala. 258, 66 So. 8 (1914); *Livingston v. Browder,* 51 Ala.App. 366, 285 So.2d 923 (1973); *Register v. Barton,* 75 So.2d 187 (Sup.Ct. Fla. 1954); *Poteete v. Olive,* 527 S.W.2d 84 (Sup.Ct.Tenn.1975); *Cooke v. Harper,* 78 Ind.App. 267, 135 N.E. 349 (1922); *Edwards v. State,* 39 Okl. 605, 136 P. 577 (1913). Contra: *Carr v. Sutton,* 70 W.Va. 417, 74 S.E. 239 (1912).

■ We conclude that where the surety proposes to surrender his principal, he may do so without a warrant under the provisions of Article 17.16, V.A.C.C.P., if the principal will surrender willingly and without the use of force. Otherwise, the surety must comply with the requirements of Article 17.19, V.A.C.C.P., and secure a warrant of arrest for the principal. See *Smith v. State,* supra; *Gray v. Strickland,* supra. Under the facts of the instant case, the forcible seizure by appellant of the unwilling Scroggins, principal on the bail bond on which appellant was surety, without complying with Article 17.19, constituted an unlawful arrest and seizure, and constituted an intentional and knowing restraint of

Scroggins as same is proscribed by V.T.C.A. Penal Code, Section 20.02.

The first ground of error is overruled.

In his second ground of error, appellant complains of the court's instruction in its charge that "If a surety decides to surrender the principal he may do so if the principal will accompany him to the sheriff willingly." The record reflects that immediately following the above the court included the following instruction: "If not, he must make the affidavit and secure a warrant of arrest."

No error is presented. See Article 17.19, V.A.C.C.P.; *Smith v. State,* 47 Tex.Cr. 469, 85 S.W. 1078.

■ Appellant next complains in his third ground of the court's refusal to instruct the jury that

" . . . if it should find from the evidence or have a reasonable doubt thereof that the Defendant Joseph Austin was undertaking to surrender the accused into the custody of the Sheriff of the County where said complaining witness was being prosecuted, then you will find the Defendant not guilty."

The court included in its charge the substance of Article 17.16, V.A.C.C.P., and gave proper instructions of when under the law as applied to the evidence in this case a warrant of arrest is necessary and when not, and what findings were necessary for a finding of guilt. The jury was then instructed that unless it "so found beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will find the defendant not guilty."

Error is not presented in the refusal of the court to give the instruction here requested.

■ Neither did the court err in refusing to instruct the jury to acquit if it found from the evidence, or had a reasonable doubt thereof, that appellant detained or moved the complaining witness "for the purpose of making a lawful arrest." The evidence reflects without dispute, and ap-

pellant admitted on the stand and states in his brief, that he kicked in the door of the complaining witness' house, entered with two companions, wrestled the witness to the floor, handcuffed him, put him in appellant's car, and took him to jail, all without an arrest warrant as provided in Article 17.19, V.A.C.C.P. The issue of lawful arrest was not raised.

In his fourth ground, appellant contends the court erred in refusing to give his "Requested Instruction to the Jury No. 2," which reads:

"It is an affirmative defense to prosecution that the actor reasonably believed the conduct charged did not constitute a crime and that he acted in reasonable reliance upon a written interpretation of the law contained in an opinion of a Court of Record or made by a public official charged by law with responsibility for interpreting the law in question. "THEREFORE, if you should find from the evidence or have a reasonable doubt thereof that the Defendant JOSEPH AUSTIN acted in belief that his conduct did not constitute a crime and that he acted in reasonable reliance upon interpretation of law contained in an opinion of a Court of Record or made by a public official charged by law with responsibility for interpreting the law in question, then you will find the Defendant not guilty."

V.T.C.A. Penal Code, Section 8.03; Mistake of Law, provides:

"(a) It is no defense to prosecution that the actor was ignorant of the provisions of any law after the law has taken effect.

"(b) It is an affirmative defense to prosecution that the actor reasonably believed the conduct charged did not constitute a crime and that he acted in reasonable reliance upon:

"(1) An official statement of the law contained in a written order or grant of permission by an administrative agency charged by law with responsibility for interpreting the law in question; or

"(2) A written interpretation of the law contained in an opinion of a court of record or made by a public official charged by law with responsibility for interpreting the law in question . . ."

Initially, we note that the requested instruction misplaces the burden of proof. See V.T.C.A. Penal Code, Sec. 2.04(d), which provides:

"(d) If the issue of the existence of an *affirmative defense* is submitted to the jury, the court shall charge that the defendant must prove the affirmative defense by a preponderance of [the] evidence." (Emphasis added.)

■ However, since the request called the court's attention to the affirmative defense, a correct instruction should have been given in the charge *provided the issue was raised by evidence supporting the defense.* V.T.C.A. Penal Code, Section 2.04(c).

Appellant testified that at the time he seized Scroggins it was his opinion that the law authorized a surety to arrest his defaulting principal without warrant, and that it was customary for bail bondsmen to do so. However, the only written statement he received from any administrative agency was a notice from the Harris County district attorney's office dated October 8, 1973, notifying him of the forfeiture and stating: "Immediate action will protect your obligation under this contract." The nature of the "immediate action" was not stated.

Appellant does not refer us to any written interpretation of the Texas statutes or law contained either in an opinion of a court of record or made by a public official charged by law with responsibility for interpreting the law which would justify any reasonable belief that his conduct did not constitute a crime. Our review of the record does not disclose any such opinion or statement. The affirmative defense provided by V.T.C.A. Penal Code, Section 8.03(b), and requested by appellant, was not raised by evidence supporting such defense, and the court did not err in refusing to

include it in the jury charge. V.T.C.A. Penal Code, Section 2.04(c).

The judgment is affirmed.

Opinion approved by the Court.