Daniel LINDER, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–86–208–CR.

Court of Appeals of Texas,
Waco.

July 9, 1987.

Gordon R. Cooper, II, Cooper & Cooper, Houston, for appellant.

Bill R. Turner, Dist. Atty., Annette K. Hanna, Asst. Dist. Atty., Bryan, for appellee.

HALL, Justice.

Pleading not guilty, appellant Daniel Linder was found guilty by a jury for the kidnapping of Steven Woods, the principal of a bail bond issued by appellant's employer. Punishment was assessed by the court at confinement in the Texas Department of Corrections for a period of two years, probated.

Appellant was a licensed bail bondsman in Brazos County. Occasionally he did side-line work for Sonny Ellen's bonding company. In this latter capacity, appellant wrote bail bonds and re-arrested principals of bonds who failed to appear in court. In the case before us, appellant was found guilty of kidnapping when he re-arrested Steven Woods who was the principal of a bail bond issued by Sonny Ellen's bonding company. As was the usual practice, Mr. Ellen had given appellant a copy of an arrest warrant that Ellen had received from the Brazos County Sheriff's Office when Woods failed to appear in court. Armed with this arrest warrant, appellant proceeded with his brother to Woods' residence to apprehend Woods and surrender him to the sheriff's department. When appellant arrived at Woods' residence, he shined the high beams of the headlights of his truck on the door of Woods' trailer house to prevent Woods from seeing who

was outside, and honked his horn. When Woods emerged from the trailer house and approached appellant's truck, appellant, armed with a 12–gauge shotgun and handcuffs, got out of the truck along with his brother and told Woods he was under arrest. Appellant then handcuffed Woods and drove him to the Sheriff's Office where Woods was booked into jail by a deputy sheriff.

Appellant contends through seven points of error that his arrest of Woods was valid, even though he was not specially named in the warrant to make the arrest. We overrule these contentions, and we affirm the judgment.

In point of error number one, appellant contends the trial court erred in refusing to grant his motion for instructed verdict since he arrested Woods pursuant to an arrest warrant authorizing the arrest of Woods.

When a surety seeks to surrender a principal of a bail bond he must comply with articles 17.16 and 17.19 of Vernon's Ann.C. C.P. Article 17.16 provides: "Those who have become bail for the accused, or either of them, may at any time relieve themselves of their undertaking by surrendering the accused into the custody of the sheriff of the county where he is prosecuted." Article 17.19 provides: "Any surety, desiring to surrender his principal, may upon making affidavit of such intention before the court or magistrate before which the prosecution is pending, obtain from such court or magistrate a warrant of arrest for such principal, which shall be executed as in other cases."

These statutes have been interpreted by our Court of Criminal Appeals to provide two methods by which a surety may surrender his principal: article 17.16 allows surrender of a principal without a warrant "if the principal will surrender willingly and without the use of force"; if not, the surety must comply with article 17.19 and secure a warrant of arrest for the principal. *Austin v. State*, 541 S.W.2d 162, 165 (Tex. Cr.App.1976). Appellant argues he satisfied the requirements of article 17.19 in that he had an arrest warrant for Woods,

and that the fact that he was not specially named to execute the warrant was merely an error of form and not substance, which did not invalidate the arrest.

However, articles 15.01, 15.14 and 15.15 of the Code of Criminal Procedure provide the necessary requirements for a private person to be granted authority to make a valid arrest pursuant to a warrant. Article 15.01 prescribes that if someone other than a police officer is to execute the warrant he must be specially named. Article 15.14 provides:

If it is made known by satisfactory proof to the magistrate that a peace officer cannot be procured to execute a warrant of arrest, or that such delay will be occasioned in procuring the services of a peace officer that the accused will probably escape, such warrant may be directed to any suitable person who is willing to execute the same; and in such case, *his name shall be set forth in the warrant.*

(Emphasis added). Article 15.15 of the Code provides that when a private person undertakes proper authority to execute a warrant, he then has the same liabilities and rights as apply to peace officers. It is apparent from a reading of these statutes that a private person must be specially named on the arrest warrant to effectuate a valid arrest pursuant to that warrant. *Hernandez v. State*, 600 S.W.2d 793, 795 (Tex.Cr.App.1980); *Stephenson v. State*, 93 Tex.Crim. 578, 249 S.W. 492, 493 (1923). Therefore, the absence of appellant's name on the arrest warrant rendered appellant's arrest of Woods unauthorized and invalid.

Appellant further contends that the arrest of Woods falls under the authority of article 17.16 of the Code of Criminal Procedure in that Woods willingly accompanied him to the sheriff's office. This argument has no merit because appellant apprehended Woods through coercion and threat of force using a 12–gauge shotgun and handcuffs. Point of error number one is overruled.

Closely related to point of error number one, appellant's seventh point asserts that the trial court erred in refusing to grant

appellant's requested instruction to the jury. The requested instruction read:

You are instructed that you must find beyond a reasonable doubt that the Defendants re-arrested the alleged victim knowing that their prior practice with the sheriff's office at Brazos County and other counties in Texas of rearresting bail jumpers without a warrant made out in their name was no longer acceptable to the Sheriff.

In support of this contention, appellant relies heavily on a historic United States Supreme Court case that construed the common law as authorizing sureties to arrest principals without an arrest warrant. *Taylor v. Taintor*, 83 U.S. (16 Wall) 287, 21 L.Ed. 287 (1873). However, the common law rule as pronounced in *Taylor* is not the law in Texas since statutory guidelines have been promulgated and interpreted by Texas' courts to define the law as it applies to sureties who seek to surrender principals. Vernon's Ann.C.C.P. articles 17.16, 17.19; *Austin*, 541 S.W.2d at 165. Appellant's seventh point is overruled.

In point of error two, appellant complains that the trial court erred by refusing to hear testimony from the District Attorney for Robertson County by which appellant sought to establish the affirmative defense of mistake of law according to V.T.C.A., Penal Code, article 8.03.

■ Article 8.03 of the Penal Code provides the affirmative defense of mistake of law if the defendant can establish that he reasonably believed his conduct did not constitute a crime and that he reasonably relied upon:

(1) an official statement of the law contained in a written order or grant of permission by an administrative agency charged by law with responsibility for interpreting the law in question; or
(2) a written interpretation of the law contained in an opinion of a court of record or made by a public official charged by law with responsibility for interpreting the law in question.

Through a bill of exceptions, appellant established that the District Attorney for Robertson County "told" appellant that it was all right in that county for appellant to arrest bond jumpers and deliver them to the Sheriff's Office if appellant acted "reasonably" in making the arrests. However, no evidence of a written document as required by article 8.03 of the Penal Code was introduced, only that oral permission had been granted. There being no error, point of error number two is overruled.

Appellant complains in point three against the trial court's refusal to grant his motion to quash the indictment.

The indictment asserted two offenses against appellant in two separate counts. The first count charged kidnapping, and the second charged aggravated assault. Both counts were read to the jury at the opening of trial, and appellant pleaded not guilty to both counts as charged. After the State rested its case-in-chief, the appellant presented his motion to quash the indictment. The motion was overruled by the trial court after a hearing held in chambers. Immediately after this ruling, the State abandoned the second count of the indictment. The charge of the court to the jury presented only the offense of kidnapping.

■ Appellant asserts the trial court's refusal to grant his motion to quash the indictment was error. We overrule this complaint. Appellant did not present his motion to quash the indictment prior to trial but waited until after it had been read to the jury, he had pleaded to the charges, and the State had rested its primary proof. Because of this, appellant's complaints to the indictment were not timely and resulted in a waiver of all but jurisdictional defects in the indictment. *Dennis v. State*, 647 S.W.2d 275, 278–79 (Tex.Cr.App.1983).

■ Appellant complains of several defects in the indictment: (1) that he was charged with two separate offenses in the same charging instrument, that those offenses should have been severed according to Penal Code section 3.04, and that the reading of both charges to the jury worked a prejudice against him; and, (2) that the charge "Kidnapping/Aggravated Assault" failed to notify appellant of which charge

to be prepared to defend against. These complaints do not represent jurisdictional defects, therefore, if errors were present in the indictment, appellant waived them by failing to file his motion to quash prior to trial.

■ Appellant further asserts he was harmed by the reading of both charges to the jury, however, the jury would have heard the evidence as presented regardless of whether the indictment had included only one or both of the offenses.

■ In point of error number four appellant complains that the trial court erred by refusing to grant his motion for instructed verdict because there was insufficient evidence to prove the essential elements of the offense of kidnapping.

Section 20.03 of the Penal Code defines kidnapping as follows: "A person commits an offense if he intentionally or knowingly abducts another person." "Abduct" is defined in section 20.01(2) as meaning "to restrain a person with intent to prevent his liberation by: (A) secreting or holding him in a place where he is not likely to be found; or (B) using or threatening to use deadly force." Section 20.01(1) of the Code defines the term "restrain" to mean:

> to restrict a person's movements without consent, so as to interfere substantially with his liberty, by moving him from one place to another or by confining him. Restraint is "without consent" if it is accomplished by: (A) force, intimidation, or deception; or (B) any means, including acquiescence of the victim, if he is a child less than 14 years of age....

Particularly, appellant complains the State failed to produce evidence to prove that appellant restricted Woods' movement, without his consent, by either moving him from one place to another or confining him. He also argues that there was no evidence to show Woods' liberation was prevented by holding him in a place where he would not be found, or that the appellant used the shotgun on Woods, or threatened him with the shotgun.

We hold the evidence was sufficient to support the conviction of kidnapping. In apprehending Woods, appellant displayed a shotgun, placing Woods in fear, and then he placed Woods in handcuffs and moved him without his consent from his place of residence to the Sheriff's Office. Appellant's point of error number four is overruled.

In point of error number five appellant appears to allege that the court erred in refusing to grant his instructed verdict after both sides had closed in that he had proven the statutory affirmative defense to kidnapping.

■ The affirmative defense to kidnapping is set forth in section 20.03 of the Penal Code as:

> (b) It is an affirmative defense to prosecution under this section that: (1) the abduction was not coupled with intent to use or to threaten to use deadly force; (2) the actor was a relative of the person abducted; and (3) the actor's sole intent was to assume lawful control of the victim.

Appellant provided no evidence that Woods and appellant were relatives, therefore, this affirmative defense is not available for any purpose in this matter. We overrule point of error number five.

■ In point of error number six appellant asserts the trial court committed error when it refused to include the following requested definition of "liberation" in the jury charge:

> You are hereby instructed that to prevent a person from being liberated means to prevent him from being rescued by others, such as his spouse, relatives, friends, law enforcement authorities and any liberators by: a. Hiding him in a place where his rescuers are not likely to find him; or b. Using or threatening the use of deadly force against his rescuers.

We hold the requested charge was properly refused. Section 20.01 of the Penal Code provides no language which would indicate that a threat of deadly force must be used against potential rescuers, only that the threat be used against the one who was

abducted. Point of error number six is overruled.

The judgment is affirmed.