**Lawrence Raymond HAWKINS, Jr., Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–87–065–CR.**

Court of Appeals of Texas, Fort Worth.

Feb. 10, 1988.

Rehearing Denied March 2, 1988.

James Rasmussen, Charles Perry, Wichita Falls, for appellant.

John W. Brasher and Reginald R. Wilson, Asst. Dist. Attys., Wichita Falls, for State.

Before FENDER, C.J., and BURDOCK and KELTNER, JJ.

OPINION

FENDER, Chief Justice.

Appellant, Lawrence Raymond Hawkins, Jr., was convicted by a jury of unlawfully carrying a weapon. *See* TEX.PENAL CODE ANN. sec. 46.02 (Vernon 1974). The jury assessed no punishment. On appeal appellant raises eight points of error.

We affirm.

Appellant was an agent of a California bail bondsman and came to Wichita Falls, Texas, to arrest a fugitive, Bailey. Appellant contacted local authorities, armed himself with a handgun and proceeded to Bailey's residence. Appellant, after arresting Bailey, was observed by a Wichita Falls Police Officer in possession of a handgun. The officer promptly arrested and charged him with unlawfully carrying a weapon.

Appellant asserts in his first two points of error that the trial court erred in: accepting a fatally defective jury verdict; entering a judgment on said verdict; and discharging the jury before receiving and accepting a proper jury verdict.

The jury found appellant guilty of a Class A misdemeanor. The punishment authorized for a Class A misdemeanor is: (1) a fine not to exceed $2,000.00; (2) confinement in jail for a term not to exceed one year; or (3) both such fine and imprisonment. TEX.PENAL CODE ANN. sec. 12.-21 (Vernon 1974). However, the jury in the instant case assessed no punishment for appellant. We concede that the verdict as to punishment was not proper since the punishment assessed was less than that provided by law. *See Grant v. State*, 456 S.W.2d 122, 122–23 (Tex.Crim.App.1969) (opinion on reh'g). The trial judge should have sent the jury back for further deliberations rather than have accepted the verdict. *See Releford v. State*, 683 S.W.2d 385, 387 (Tex.Crim.App.1984); *Ramirez v. State*, 587 S.W.2d 144, 146 (Tex.Crim.App. [Panel Op.] 1979). Nevertheless, we hold the trial court's error as harmless.

The record reflects that appellant made no objection at trial to the verdict when it was read and accepted by the court. By

the same standard used to review an unobjected-to jury charge, we must determine whether the unobjected-to verdict resulted in egregious harm to appellant. *See Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1984) (opinion on reh'g).

 The fact that a sentence is less than that allowed by law does not invalidate the conviction. *Ramirez*, 587 S.W.2d at 146. It is true that a criminal conviction would adversely affect appellant's occupation as a bail bondsman and a licensed investigator. Yet, if the trial judge sent the jury back during the punishment phase for further deliberation, the result would have been a proper assessment of punishment. In our view, appellant would have suffered no greater harm from the conviction alone than from a conviction with a proper assessment of punishment. Appellant's points of error one and two are overruled.

In points of error three and four appellant argues the trial court erred in: admitting into evidence an extraneous offense by appellant; in failing to instruct the jury on extraneous offenses; and failing to include in the jury charge a limiting instruction on the use of extraneous offenses. Helmecke was allowed to testify, over appellant's objection, that at 6:00 p.m. on November 8, 1986, appellant broke into her home through her back door and conducted a search of the premises, apparently looking for Bailey who lived next door. Miser, a neighbor, viewed the incident and called the police. Only minutes later the police arrived and appellant was charged with carrying an unlawful weapon as he exited Helmecke's neighbor's home with custody of Bailey.

The State is generally prohibited from proving prior specific acts of misconduct, or extraneous offenses committed by the accused. *Elkins v. State*, 647 S.W.2d 663, 665 (Tex.Crim.App.1983). Extraneous offenses may become admissible under certain circumstances, however, the instant case does not give rise to any of those exceptions. *See* TEX.R.CRIM.EVID. 404(b); *Morgan v. State*, 692 S.W.2d 877, 879 (Tex.Crim.App.1985).

 Although Helmecke's testimony referred to an inadmissible extraneous offense, the trial court's admission thereof was harmless error. During the direct testimony of Miser, the State elicited testimony from her of appellant's forced entry into Helmecke's house, without objection from appellant. The improper admission of evidence does not constitute reversible error if the same facts are proved by other properly admitted evidence. *Daniel v. State*, 668 S.W.2d 390, 392 (Tex.Crim.App.1984). Appellant's points of error three and four are overruled.

Appellant's points of error five, six, seven and eight assert that the trial court erred in: (1) overruling appellant's motion to dismiss because appellant was exempt from prosecution; (2) excluding evidence of appellant's reasonable belief that he had the same rights as a peace officer; (3) refusing to take judicial notice of CAL.PENAL CODE sec. 12031; (4) denying requested instruction number three; and (5) failing to instruct the jury concerning TEX. CODE CRIM.PROC.ANN. art. 15.15 (Vernon 1977). These points of error are addressed together because they involve the central issues of appellant's rights as a peace officer, and his reasonable belief of his rights as such.

Appellant contends that his authorization to carry a handgun as a private investigator in California in accordance with California law should be given full faith and credit in Texas, and that this authorization is codified in TEX.CODE CRIM.PROC.ANN. art. 15.15.

 There is no constitutional requirement that a state yield to laws and statutes of another state in all circumstances. Each state has legitimate policy considerations in the enactment of its laws, and there are limits to the extent that these interests must be subordinate to the laws of another state. *Nevada v. Hall*, 440 U.S. 410, 422, 99 S.Ct. 1182, 1189, 59 L.Ed.2d 416, 426 (1979).

 As evident by TEX.PENAL CODE ANN. sec. 46.02, Texas has made a policy determination that carrying a handgun is

**514**

illegal. However, TEX.PENAL CODE ANN. sec. 46.03 (Vernon Supp.1988) provides the exceptions to the illegality of carrying a handgun. We note there is no enumerated exception for one who holds a license to carry a handgun in another state. In light of a legitimate state interest in regulating the carrying of handguns, we hold that Texas is not required to give full faith and credit to appellant's California private investigator's license and California laws regulating the same. Accordingly, the trial court did not err in refusing, during the trial, to take judicial notice of the California law concerning appellant's right to carry a handgun in California because the law was irrelevant to trial of the instant case. The trial court did, though, take judicial notice of the California law for the purpose of ruling on appellant's motion to dismiss.

Appellant next claims he had the rights of a peace officer as a matter of law, and was therefore authorized to carry a handgun as provided by the statutory exceptions to the illegality of such. *See* TEX. PENAL CODE ANN. sec. 46.03(a)(6). In support of appellant's contention that he was a "peace officer," appellant relies on TEX.CODE CRIM.PROC.ANN. art. 15.15 which provides that when a private person undertakes to execute a warrant, he then has the same liabilities and rights that apply to peace officers. For article 15.15 to be given its full meaning it must be read in conjunction with article 15.14. Article 15.-14 provides:

> If it is made known by satisfactory proof to the magistrate that a peace officer cannot be procured to execute a warrant of arrest, or that such delay will be occasioned in procuring the services of a peace officer that the accused will probably escape, such warrant may be directed to any suitable person who is willing to execute the same; and in such case, his name shall be set forth in the warrant.

TEX.CODE CRIM.PROC.ANN. art. 15.14 (Vernon 1977). When the two articles are read together it is apparent that appellant was not executing a warrant of arrest as contemplated by law. *See Linder v. State,*

734 S.W.2d 168, 170 (Tex.App.—Waco 1987, no pet.). The record reflects no evidence that the matter was ever taken before a magistrate, or that appellant's name was set forth in any warrant.

In sum, articles 15.14 and 15.15 were not applicable to support appellant's alleged rights as a peace officer, nor do we give full faith and credit to appellant's California license to carry a handgun. As a result, appellant cannot assert the defense of a public duty in execution of legal process, and the trial court correctly excluded evidence of appellant's reasonable belief thereof. *See* TEX.PENAL CODE ANN. sec. 9.21 (Vernon 1974). In essence, appellant was attempting to argue a mistake of law, TEX.PENAL CODE ANN. sec. 8.03 (Vernon 1974), but failed to meet the technical requirements of that defense also. Appellant's points of error five, six, seven and eight are overruled.

The trial court's judgment is affirmed.