Daniel **LINDER**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 10–89–085–CR.

Court of Appeals of Texas, Waco.

Oct. 26, 1989.

Discretionary Review Refused Feb. 7, 1990.

Ken J. McLean, Houston, for appellant.

Bill R. Turner, Crim. Dist. Atty., Bryan, for appellee.

OPINION

MEANS, Justice.

Daniel Linder was convicted by a jury of the offense of kidnapping. His appeal of the conviction to this court was affirmed and the Court of Criminal Appeals denied his petition for discretionary review. *See Linder v. State*, 734 S.W.2d 168 (Tex.App. —Waco 1987, pet. ref'd). Now he appeals from the trial court's denial of a writ of habeas corpus.

Appellant's conviction arose out of his attempted re-arrest of a principal on a bail bond who failed to appear in court. Appellant was a licensed bondsman, and was "moonlighting" for a bonding company at the time of the offense.

Although Appellant had the benefit of a three-day trial, an appeal presenting seven points of error, and a petition for discretionary review raising two grounds, he now brings this appeal complaining that because his trial counsel rendered ineffective assistance the trial court should have granted him a writ of habeas corpus.

In making this claim, Appellant has the burden of showing that his counsel's performance was so deficient that he was not functioning as counsel within the sixth amendment guarantee. *See* U.S. Const. amend. VI; *see also Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).

Reviewing courts are to make a strong presumption that the attorney rendered reasonable professional assistance and that his actions constituted sound trial strategy. *Id.* 104 S.Ct. at 2065–66. In determining whether Appellant's counsel afforded him reasonable representation, we must look at the totality of the representation rather than the isolated acts or omissions of trial counsel. *See Miller v. State*, 728 S.W.2d 133, 135 (Tex.App.—Houston [14 Dist.] 1987, pet. ref'd). Appellant was prejudiced only if a reasonable probability exists that the outcome would have been different if he had been afforded reasonable professional assistance. *See id.*

In his first complaint, Appellant asserts he was denied effective assistance

because his trial counsel failed to assert the defense of mistake of fact. Section 8.02 of the Texas Penal Code provides:

It is a defense to prosecution that the actor through mistake formed a reasonable belief about a matter of fact if his mistaken belief negated the kind of culpability required for the commission of the offense.

TEX.PENAL CODE ANN. § 8.02(a) (Vernon 1989). The culpability required for the commission of kidnapping is that the person intentionally or knowingly abducted another person. *See id.* at § 20.03. Appellant contends that culpability was negated in his case because he believed that the arrest warrant that he possessed for the bail-bond principal was lawful and because his "sole intent was to assume lawful control" of such principal.

The statement of facts from the trial clearly shows that Appellant believed this to be the case because he failed to realize that the law required him to be specifically named in the arrest warrant. *See* TEX. CODE CRIM.PROC.ANN. arts. 15.01, 15.-14, 15.15 (Vernon 1977). Appellant is attempting to transform a mistake-of-law defense into a mistake-of-fact defense. While there is some gray area between the two defenses, Appellant's belief that the warrant was valid was the result of his mistaken understanding of the law. Throughout the trial, he attempted to prove that he had relied on the Supreme Court case of *Taylor v. Taintor*, 83 U.S. (16 Wall.) 366, 21 L.Ed. 287 (1873) in making the arrest. As this court pointed out in the first appeal of this case, *Taylor* is no longer the law in Texas, and bail bondsmen must follow the guidelines of the Code of Criminal Procedure. *Linder*, 734 S.W.2d at 171.

Assuming, without deciding, that mistake of fact was a possible defense for Appellant, his trial counsel, at the very least, turned in a reasonably professional performance in defending Appellant. On many occasions, the jury heard testimony that Appellant thought he was assuming lawful control over the principal. His counsel requested and obtained a mistake-of-law instruction to be placed in the charge. Viewing the total representation of Appellant, we cannot say that he was denied effective assistance of counsel because the defense of mistake of fact was never presented. Appellant's first complaint is overruled.

■ Appellant's second and third complaints assert that the evidence at trial was insufficient to support the jury's rejection of his affirmative defense of mistake of law, and that his trial counsel failed to articulate this insufficient-evidence point to this court and to the Court of Criminal Appeals. Mistake of law is an affirmative defense that must be raised and proved by a preponderance of the evidence. *See* TEX.PENAL CODE ANN. § 2.04(d) (Vernon 1974); *Austin v. State*, 541 S.W.2d 162, 166 (Tex.Crim.App.1976). Even though these complaints involve ineffective assistance of counsel at the appellate level, rather than the trial level, we will use the same *Strickland* standard in reaching our conclusion. *See Bowen v. Foltz*, 763 F.2d 191, 195 (6th Cir.1985) (Contie, J., dissenting).

As Appellant admits, his attorney presented the mistake-of-law affirmative defense to the jury by requesting and obtaining an instruction on mistake of law. The jury, however, rejected this defense. The affirmative defense of mistake of law applies only if the defendant can establish that he *reasonably* believed his conduct did not constitute a crime and that he *reasonably* relied upon:

(1) an official statement of the law contained in a written order or grant of permission by an administrative agency charged by law with responsibility for interpreting the law in question; or

(2) a written interpretation of the law contained in an opinion of a court of record or made by a public official charged by law with responsibility for interpreting the law in question.

TEX.PENAL CODE ANN. § 8.03(b) (Vernon 1989). At trial, Appellant presented much evidence on why his knowledge of the law was mistaken: 1) a district attorney had allowed him to rearrest principals; 2) he had rearrested approximately ten

"bond jumpers" the same way; 3) another district attorney disposed of a similar matter merely by stating that Appellant had acted in good faith, relying on the *Taylor* case; and 4) a sheriff had tipped Appellant on the whereabouts of a bond jumper, whom Appellant arrested much the way he did the principal in this case. However, none of these are reasons which section 8.03 allows to justify a mistake of law. *See Lewis v. State*, 124 Tex.Crim. 582, 64 S.W.2d 972 (1933). Appellant tries to make section 8.03 apply by saying that he relied on the *Taylor* case which qualifies as a "written interpretation of the law combined in an opinion of a court of record," and that the above-listed evidence proves this reliance. Assuming that Appellant did rely on *Taylor*, he failed to show that such reliance was reasonable. Section 8.03 was not designed to allow one to rely on "old interpretative opinions, opinions that conflict with others, or on overruled opinions." Searcy & Patterson, *Practice Commentary*, TEX.PENAL CODE ANN. § 8.03 (Vernon 1974). *Taylor* is an 1873 decision concerning the liability of a bondsman on a bond made in Connecticut. As a licensed bail bondsman, Appellant cannot relieve himself from keeping up with the current law in his field merely by asserting he relied on *Taylor*. He should have known that the Texas Code of Criminal Procedure sets out rules and guidelines for him to follow and that there may exist later cases on the subject. In fact, the evidence shows that the bonding company he was working for at the time of this offense had received a letter from the chairman of the Brazos County Bail Bond Board stating that he believed *Taylor* was no longer the law in Texas. That Appellant got away with this type of activity in the past is not proof of reasonable reliance on *Taylor*.

Because neither the record nor Appellant's arguments show that his reliance on *Taylor* was reasonable, or that he had any other basis for a mistake-of-law affirmative defense, his counsel did not render ineffective assistance. Clearly, his counsel considered all of this at the time he prepared for appeal, and that is why he framed the points the way he did. Appellant's second

and third complaints are overruled, and the trial court's denial of Appellant's application for writ of habeas corpus is affirmed.