OPINION OF THE COURT
William D. Friedmann, J.
On February 8, 1991, an indictment was filed charging defendant with two counts of kidnapping in the first degree and one count of kidnapping in the second degree.
Defendant now moves to dismiss the kidnapping charges on the ground that the Grand Jury proceeding failed to conform to CPL article 190.
*544 defendant’s contentions
It is argued in support of the motion that the People, in presenting this matter to the Grand Jury, did not instruct that body as to the affirmative defense to kidnapping as set forth in Penal Law § 135.30.
Defendant specifically contends that, as the elements of said affirmative defense were presented to the Grand Jury, the failure to advise the Grand Jury on the availability of said affirmative defense rendered the indictment defective, and therefore, it should be dismissed. Because the defendant and the victim are sisters, and when defendant and her boyfriend abducted the victim they were allegedly seeking to assume control over the victim, defendant argues that Penal Law § 135.30 is an absolute defense to kidnapping under these circumstances.
people’s contentions
The People, in response, argue that there was no testimony or evidence relating to the said affirmative defense before the Grand Jury, and that it is not applicable in this case. The People also contend that the evidence presented to the Grand Jury was legally sufficient and that the instructions given on the law were proper and sufficient to sustain the indictment.
RELEVANT AUTHORITY
I. A. — KIDNAPPING AND THE PENAL LAW
At early common law, kidnapping was a misdemeanor punishable by fine, imprisonment, and pillory. During the nineteenth century, in the United States, kidnapping developed into a much more serious offense due to slave smuggling and other conditions leading up to the Civil War. At the time of the revision of the New York State Penal Law in 1967, kidnapping had attained the status of a capital offense in 37 American jurisdictions, New York among them. (1 Callaghan’s Criminal Law in New York § 20:01 [3d ed 1987].)
In 1965, the revisers of the Penal Law found the former kidnapping statute (Penal Law of 1909 § 1250) to be overly broad and ineffective in dealing with many situations such as family custodial disputes. The revised Penal Law attempted to alleviate this problem, resulting in Penal Law article 135— "Kidnapping, Coercion, and Related Offenses”. Article 135 is derived from article 212 of the Model Penal Code (1962) and *545 incorporates a three-part kidnapping scheme consisting of the primary crime of kidnapping, and the lesser offenses of unlawful imprisonment and custodial interference. (See, Penal Law § 135.00 et seq.)
B. —THE REVISED PENAL LAW OF 1967
In revising the definition of kidnapping, the New York Legislature sought to alleviate the problems of old Penal Law § 1250 and its blanket coverage of all cases. The penalties under the old statute were considered too Draconian when imposed on parental custody disputes and other less culpable offenses. (See, Note, The Proposed Penal Law of New York, 64 Colum L Rev 1469, 1547 [1964].)
Kidnapping cases usually constitute a wide array of motley factual circumstances. These include the purpose of the abduction or confinement, the duration thereof, the distance that the victim is removed, the fate of the victim, and the relationship between abductor and victim. These factors among others are to be considered when deciding the defendant’s level of culpability and the offense to be charged (under Penal Law art 135). (See, Rothblatt, Criminal Law of New York, The Revised Penal Law § 104 [1971].)
The terms "restrain” and "abduct” make up the linchpin language of Penal Law article 135. As defined in Penal Law § 135.00, the term "restrain” correlates to the lesser offense of unlawful imprisonment (Penal Law §§ 135.05-135.10), and the term "abduct” correlates to more egregious acts that constitute the more serious offense of kidnapping (Penal Law §§ 135.20-135.25). The offense of custodial interference was created for conduct constituting the least serious level of culpability (Penal Law §§ 135.45-135.50). That charge is reserved for situations where the victim is under the age of 16 and is related to the abductor. The significant impact of this distinct three-category scheme is that while kidnapping in the first degree is a class A-I felony, unlawful imprisonment and custodial interference are at the worst degree only class E felonies.
C. —PENAL LAW § 135.30 — AN AFFIRMATIVE DEFENSE TO KIDNAPPING
Penal Law § 135.30 provides that: "In any prosecution for kidnapping, it is an affirmative defense that: (a) the defendant was a relative of the person abducted, and (b) his sole purpose was to assume control of such person.”
*546 There are virtually no reported cases in which this defense has been used in New York State. However, it is clear to the court that this defense was not intended to be applicable to a fact situation such as was presented to the Grand Jury in the instant case. Here, evidence was adduced of the possibility of a debt owed by the victim to the defendant’s boyfriend. There was testimony by the arresting officer that statements by the defendant’s boyfriend indicated that the alleged debt was at least the primary if not the sole purpose of the defendant’s actions. In addition, all parties involved are adults, and Penal Law § 135.30 does not contemplate a situation in which there is no legitimate claim to custody in the first place. It was "designed to treat more leniently the tragic taking of a child by a relative, often a parent, because of a 'custody-battle’ ”. (Donnino, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law § 135.00, at 620 [1987].)
Earlier commentators reported that "The exclusion of the instant section, it should be noted, applies only where the relative’s 'sole purpose’ was assumption of physical control over the child. A relative who, for example, abducts a child for the purpose of ransom, extortion or terrorization of its mother or other lawful custodian is guilty of kidnapping”. (Denzer and McQuillan, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law § 135.30, at 322-333 [1967].)
It has also been suggested that Penal Law § 135.30 may be an effective defense to a kidnapping charge brought against a perpetrator who abducts a relative for purposes of "deprogramming” from a religious "cult”. (See, LeMoult, Deprogramming Members of Religious Sects, 46 Fordham L Rev 599, 624 [1978].)
In the case at bar the evidence adduced during the Grand Jury proceeding indicated that there was a monetary dispute between the victim and her abductors. Therefore, the "sole purpose” element of the defense is lacking and the affirmative defense at issue would not be applicable.
Furthermore, all commentators and scholars agree that while Penal Law § 135.30 includes the word person, it is intended to apply to children who are over the age of 16 but have not yet reached the age of majority. (See, Comment, Affirmative Defenses Under New York’s New Penal Law, 19 Syracuse L Rev 44, 62 [1967].)
II. LEGISLATIVE INTENT
The New York State Temporary Commission on Revision of *547 the Penal Law and Criminal Code, as an arm of the State Legislature, was also quite clear when discussing this affirmative defense. The Commission, in its report to the lawmakers, uses only the term "child” and discusses the defense purely within the context of custodial disputes. In such a situation, the age of 16 is intended to differentiate between a charge of custodial interference and unlawful imprisonment. Neither the Commission nor the New York State Legislature intended this defense to be an absolute defense to kidnapping for relatives with other motives. (See, Fourth Interim Report of Temp Commn on Rev of Penal Law and Crim Code, 1965 NY Legis Doc No. 25, at 31-33 [Feb. 1, 1965].)
III. OTHER JURISDICTIONS
The Washington State Court of Appeals had occasion to examine a substantially similar statute in the context of a case involving rape and kidnapping. In State v Tuitasi (46 Wash App 206, 729 P2d 75 [1986]), the defendant had threatened to kidnap his own daughter unless his estranged wife consented to have sexual relations with him. The mother submitted to his demand, and the court found that this constituted "forcible compulsion” from fear of the threatened kidnapping. This is prohibited by Washington Criminal Code, title 9A, § 44.010 (5), which concerns sexual offenses. The Washington kidnapping statutes are included in Washington Criminal Code, title 9A, §§ 40.020-40.030.
In Tuitasi (supra), the defendant proffered virtually the same defense as is proposed by the defendant in the case at bar. Accordingly, defendant claimed that it was impossible for him to kidnap his own child, and that therefore, he had only threatened custodial interference. The Washington Court of Appeals held in Tuitasi (supra, 46 Wash App, at 210, 729 P2d, at 77-78) otherwise, and said: "The defense to second degree kidnapping makes it clear the existence of a familial relationship lessens the degree of crime only if the defendant acts without evil intent in taking the victim * * * Therefore, if the actor has some other intent, such as to compel the victim to acquiesce to intercourse, as in this case, the familial relationship is not a defense to second degree kidnapping. First degree kidnapping necessarily includes some criminal intent other than assuming custody of the victim, so the familial relationship defense is not included within that statute.”
The Tuitasi case (supra) is on point with the case now before the court as evidence adduced at the Grand Jury level *548 reveals that there is a question of the defendant’s intent which must be resolved by the trier of fact when deciding whether the defendant’s actions constituted kidnapping.
Two other jurisdictions with similar statutory defenses to kidnapping have emphasized the requirement that all elements of the defense need be satisfied for the defendant to rely upon it. In Linder v State (734 SW2d 168 [Tex App 1987]), the Texas Court of Appeals denied review of a kidnapping case involving Texas Penal Code § 20.03. In Seay v State (479 So 2d 1338 [Ala Crim App 1985]), the Alabama Court of Criminal Appeals proclaimed that the same defense set forth in Alabama Code § 13A-6-44 was unavailable unless all of the criteria were met. In both of those cases, the familial defense was rejected because the defendants were not relatives of their victims.
CONCLUSIONS OF LAW
The prosecutor is required to instruct the Grand Jury on the law with respect to the matters before it. (CPL 190.25 [6].) The People must instruct as to only those complete defenses which the evidence supports. The extent of the prosecutor’s obligation to instruct the Grand Jury on a particular defense depends upon whether the defense has the potential for eliminating a needless or unfounded prosecution. (People v Valles, 62 NY2d 36 [1984].)
The People have wide but not absolute discretion when presenting a case to the Grand Jury. The People need not present all evidence favorable to the accused nor uncover evidence which is helpful to the accused nor explore every defense suggested by the evidence. (People v Nezaj, 139 Misc 2d 366 [1988] [see cases cited therein].)
The People must instruct on exculpatory defenses which may eliminate criminal liability altogether when a reasonable view of the evidence supports that defense. (Id.) If a defense is one that is offered in mitigation, that is, for purposes of lessening criminal charges, it is a mitigating defense, and presentation of that defense at a Grand Jury proceeding is not mandated. (People v Valles, supra.)
In the instant case, there was no testimony or evidence offered at the Grand Jury hearing pertaining to the defense at issue. There was testimony which indicates that assumption of control was not the "sole purpose” of defendant’s actions as required by Penal Law § 135.30. Further, Penal Law § 135.30, *549 being an affirmative defense, requires defendant to make an evidentiary showing by a preponderance of the evidence. No such showing was made nor did defendant testify before the Grand Jury.
After a review of all the papers submitted, and after an inspection of the Grand Jury minutes, the court finds that it was not incumbent upon the People to advise the Grand Jury of the affirmative defense to kidnapping set forth in Penal Law § 135.30.
Therefore, the motion for dismissal is denied.