**Robert Donnie GREEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 483–90.**

Court of Criminal Appeals of Texas, En Banc.

April 22, 1992.

Allan K. Butcher, John C. Beaty, Jim Shaw, Fort Worth, for appellant.

Barry L. Macha, Dist. Atty., and John W. Brasher, Asst. Dist. Atty., Wichita Falls, Robert Huttash, State's Atty., Austin, for the State.

**OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW**

BENAVIDES, Judge.

Appellant seeks to set aside his murder conviction because the trial court refused to give an instruction pertaining to a mistake of law defense.[1] He claims that the Fort Worth Court of Appeals improperly decided that he was not entitled to the instruction when it held that appellant was relying on his belief that he was acting in self defense instead of on his understanding of a 1873 United States Supreme Court opinion. *See Green v. State*, 785 S.W.2d 955 (Tex.App.—Fort Worth 1990). We will affirm.

At trial, Appellant relied on dicta from an old United States Supreme Court opinion, *Taylor v. Taintor*, 83 U.S. (16 Wall.) 366, 21 L.Ed. 287 (1873), as a basis for his belief that a surety possessed the same

1. After finding the Appellant guilty of murder, the jury assessed a term of 20 years' confine-

ment in the Texas Department of Criminal Justice, Institutional Division and a $5,000 fine.

authority and powers of arrest as a similarly situated peace officer. Based on this reliance, Appellant argues that a mistake of law instruction was necessary. This 1873 United States Supreme Court opinion interpreted the contractual liability of a bondsman for a principal who failed to appear. It is true that this opinion did state that under Connecticut common law sureties had the right to arrest principals without an arrest warrant and likened such right to that of a sheriff arresting an escaping prisoner. *Id.* 83 U.S. (16 Wall.) at 371.

 However, *Taylor* is not the law in Texas. *Linder v. State,* 779 S.W.2d 520 (Tex.App.—Waco 1989, pet. ref'd.); *Hawkins v. State,* 745 S.W.2d 511 (Tex.App.—Fort Worth 1988, pet ref'd.) Statutory guidelines have replaced the common law in Texas and define the law as it applies to sureties who seek to apprehend principals. *Austin v. State,* 541 S.W.2d 162, 165 (Tex. Crim.App.1976); *see also* Tex.Code Crim. Proc.Ann. arts. 15.14, 15.15, 17.16, 17.19 (Vernon 1990).

■ Section 8.03(b) of the Texas Penal Code sets forth two requirements which must be met before a defendant is entitled upon request to a mistake of law defense instruction. First, the defendant must establish that he reasonably believed that his conduct did not constitute a crime. Second, the defendant must establish that he reasonably relied upon either an administrative order or a written interpretation of the law contained in an opinion of a court of record.

Reliance on *Taylor* is unreasonable and unavailable to form the basis of a mistake of law defense in the present case. The common law from *Taylor* upon which Appellant relies is not the law in Texas nor has it been since the Legislature abrogated the common law by enacting guidelines which defined the law as it applies to sureties seeking to apprehend their principals. Section 8.03 was not created to allow a criminal defendant to rely upon " 'old interpretive opinions, opinions that conflict with others, or on overruled opinions.' " *Linder,* 779 S.W.2d at 523 (citing Searcy &

Patterson, *Practice Commentary,* Tex.Penal Code Ann. § 8.03 (Vernon 1974)). That is precisely what Appellant did in the present case. Appellant attempts to ignore the changes in the law since the nineteenth century and merely attempts to rely upon *Taylor.* *Taylor* is an old interpretative opinion that is in conflict with others and has been overruled in Texas. *Austin,* 541 S.W.2d at 163–64. We hold that Appellant's reliance upon *Taylor* is unreasonable as a matter of law.

Accordingly, the judgment of the court of appeals is AFFIRMED.

MILLER, J., concurs in the result with the following note:

Believing that mistake of law cannot be availed upon unless the written interpretation/official statement (See § 8.03 Tex.Penal Code Ann.) is introduced into evidence, I concur in the result.

OVERSTREET, J., concurs in the result.