No. 04-98-00298-CV



Billy Bob ALDRIDGE d/b/a Alamo Bail Bonds,


Appellant



v.



The STATE of Texas,


Appellee



From the 49th Judicial District Court, Webb County, Texas


Trial Court No. 97-CVC-00863-D1


Honorable Manuel R. Flores, Judge Presiding



Opinion by: Catherine Stone, Justice 


Sitting: Alma L. López, Justice

 Catherine Stone, Justice 

 Paul W. Green, Justice 


Delivered and Filed: March 3, 1999


REVERSED AND RENDERED


 This appeal arises from a bond forfeiture brought by the State against Billy Bob Aldridge.
Aldridge asserts that he has been exonerated from liability on Jaime López's bond because he (1)
provided an affidavit showing that the accused had been incarcerated in federal custody in
compliance with Tex. Code Crim. Proc. Ann. art. 17.16 (Vernon Supp. 1999), and (2) the
accused's subsequent deportation to Mexico constituted an uncontrollable circumstance preventing
the accused's appearance at court under Tex. Code Crim Proc. Ann. art. 22.13 (Vernon Supp.
1999).

Factual and Procedural Background

 Jaime López was arrested on April 27, 1997. Two days later, Billy Bob Aldridge posted a
$5,000 bond to bail out López for which Aldridge was paid $500. On that same day, López was
transferred to federal custody at the Corrections Corporation of America for deportation to his native
country of Mexico. Also on that same day, Aldridge, as surety, prepared an affidavit of incarceration
requesting that he be relieved of liability. This affidavit was signed by a deputy from the Webb
County Sheriff's Office. Aldridge did not request or obtain a warrant for López. When López did
not appear in court to answer the charges against him, the trial court determined that Aldridge was
not relieved of liability as López's surety and ordered recovery of $5,000 plus costs.

 Article 17.16 of the Texas Code of Criminal Procedure provides that:

 (a) A surety may before forfeiture relieve himself of his undertaking by:

 (1) surrendering the accused into the custody of the sheriff of the county where the
prosecution is pending; or

 (2) delivering to the sheriff of the county where the prosecution is pending an
affidavit stating that the accused is incarcerated in federal custody, in the custody of
any state, or in any county of this state.

 (b) For the purposes of Subsection (a)(2) of this article, the bond is discharged and
the surety is absolved of liability on the bond on the sheriff's verification of the
incarceration of the accused.

Tex. Code Crim. Proc. Ann. art. 17.16 (Vernon Supp. 1999). Section 17.19 provides in pertinent
part that a surety, "desiring to surrender his principal, may file an affidavit of such intention before
the court . . . ." Tex. Code Crim. Proc. Ann. art. 17.19(a) (Vernon Supp. 1999). If the court "finds
that there is cause for the surety to surrender his principal, the court shall issue a warrant of arrest
for the principal." Id. at 17.19(c).

 The trial court noted that article 17.16 was not meant to be used as a loophole for a surety
to be relieved of liability. The State further contends that compliance with article 17.16 is not
sufficient and that Aldridge was also required to obtain a warrant under article 17.19. The State
maintains that articles 17.16 and 17.19 constitute a two-step process that a surety must complete.
However, precedent makes clear that articles 17.16 and 17.19 are two separate methods by which
a surety may surrender his principal. See Austin v. State, 541 S.W.2d 162, 165 (Tex. Crim. App.
1976); Linder v. State, 734 S.W.2d 168, 170 (Tex. App.--Waco 1987, pet. ref'd). Article 17.16
allows the surrender of a principal without warrant if the principal will surrender willingly and
without the use of force. Austin, 541 S.W.2d at 165; Linder, 734 S.W.2d at 170. If this is not the
case, the surety must comply with article 17.19 and secure a warrant of arrest for the principal.
Austin, 541 S.W.2d at 165; Linder, 734 S.W.2d at 170.

 In the present case, Aldridge complied with article 17.16 by providing an affidavit showing
that the accused was incarcerated in federal custody. Such action should have relieved Aldridge of
liability. Aldridge was not required to also obtain or request a warrant for López's arrest. Aldridge's
first point of error is sustained.

 Because Aldridge is relieved from liability by complying with article 17.16, we need not
address his second point of error. The judgment of the trial court is reversed thereby relieving
Aldridge of liability.

 Catherine Stone, Justice

DO NOT PUBLISH
Return to
Fourth Court of Appeals